UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Winning Connections, Inc. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>William Bradford Chism, Chad Gosselink and )<br>Corporate John Doe 1 )<br>)<br>Defendants. )<br>) | Case No.: 1:05-cv-02397 (GK) |

**DECLARATION OF ILRO LEE**
**28 U.S.C. § 1746**

Ilro Lee, under penalty of perjury, states:

1. My name is Ilro Lee. I am over eighteen years of age and am fully competent to testify to the facts contained in this declaration.

2. Until December 13, 2005, I was an employee of Winning Connections, Inc. (WCI). My title was Chief Financial Officer. In that position, I was in charge of finance, managing accounts receivable and payable. I also functioned as WCI's chief information officer and was responsible for computer programming and system setup.

3. I personally set up the system referred to in WCI's Complaint as the WCI System. This was referred to by WCI employees as "WCI Contacts." Employees could access WCI Contacts by clicking on an icon on their computer screen. To set up WCI Contacts, I merely modified the contact view of the Microsoft Outlook program owned by WCI to permit users to customize, search and store the data recorded about the contacts in a way more convenient for them. I learned how to make this modification

from the Microsoft Outlook programming handbook and searching for programming tips on Google. Anyone else could replicate this by the same methods. There is nothing proprietary to WCI about this contacts management system. The WCI Contacts did not track how much money any particular client or campaign had spent with WCI. Any financial information recorded in the system was publicly available information such as the general budget of any given campaign.

    4. There was no password that was required to access WCI Contacts beyond that required to log onto the computer network. Thus each WCI employee, regardless of level, had equal access to WCI Contacts. Any employee could also access the password information of any other employee to log onto the network as someone else. All employee passwords were listed in my contact information in Microsoft Outlook. The passwords also followed a standard naming convention so that other employees could determine others' passwords and use them when necessary in order to find information or send emails on their behalf. Even when we employed individuals for short periods of time, they were provided with access to the network and the WCI Contacts.

    5. Upon my resignation from WCI, the WCI Contacts system was fully functional. I did not disable it or make any modifications that would prevent its use by WCI employees after my departure.

    6. I was not solicited or induced by either Chad Gosselink or Brad Chism to leave WCI. I decided to leave WCI after discussions with Mr. Gosselink and Mr. Chism about starting our own business prompted by our dissatisfaction with an equity offer in WCI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration, consisting of three pages including this signature page, is true and correct. Executed on December 22, 2005.

_____
Ilro Lee