UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINNING CONNECTIONS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WILLIAM BRADFORD "BRAD" CHISM, et al. )<br><br>Defendants. ) | Civil Action No. 1:05CV02397(GK) |

## PLAINTIFF'S MOTION FOR
## LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1, Plaintiff Winning Connections, Inc. ("Winning Connections"), by and through its undersigned counsel, hereby moves for leave to file a Verified Second Amended Complaint to add Defendant Ilro Lee and add an additional claim against Defendant Chism. In support of its motion, Winning Connections submits the accompanying memorandum and proposed Amended Complaint.

A proposed order is attached.

Dated: January 9, 2006

Respectfully submitted,

David J. Farber (415899)
Susan E. Baldwin (477241)
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
(Tel) 202-457-6000
(Fax) 202-457-6315
dfarber@pattonboggs.com
sbaldwin@pattonboggs.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINNING CONNECTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BRADFORD "BRAD" CHISM, et al. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:05CV02397(GK) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Civil Rule 15.1, Plaintiff Winning Connections, Inc. ("Winning Connections"), by and through its undersigned counsel, has moved this Court for leave to file a Verified Second Amended Complaint. The proposed Second Amended Complaint, attached as Exhibit A, proposes to add a third Defendant, Mr. Ilro Lee, to the claims, to add a separate conversion Count against proposed Defendant Lee (Count XI) arising out of his unlawful failure to repay $31,000 to Winning Connections, and to add a claim for civil spoliation (Count XII) against existing Defendant Chism arising out of his deletion and destruction of over 500 computer documents from company computers. In further support thereof, Plaintiff Winning Connections submits this memorandum.

### FACTS

On December 14, 2005, Winning Connections, Inc. ("Winning Connections") filed his initial complaint alleging claims against two former employees, Brad Chism and Chad Gosselink, arising out of their theft of confidential business information belonging to the company, willful false advertising, theft of trade secrets, breach of fiduciary duties, and other claims. As Winning

Connections learned just before it filed the Complaint, and at the time it filed its first amended Verified Complaint on December 19, 2005, a third individual working for the company, proposed Defendant Ilro Lee, had informed Winning Connections that he was leaving the company. *See* Exhibit A (proposed Verified Second Amended Complaint). Mr. Lee, however, had not disclosed that he was leaving to join Defendants in their putative new venture, but instead was serving as a consultant to Winning Connections and continuing his work for the company in that capacity. *Id.* ¶ 35. Since Defendants' December 28, 2005, response to Plaintiff's Motion for Preliminary Injunction, however, it is evident that Mr. Lee is conspiring with Defendants and should be properly joined in this action. Also in that time Mr. Lee has failed to repay a loan from the company to him., giving rise to the conversion claim asserted in proposed Count XI.

Finally, Plaintiff proposes to add a claim for civil spoliation, a tort recognized by the District of Columbia, against Defendant Chism arising out of his willful and intentional destruction and wiping of over 500 documents on a company computer before he returned it to Winning Connections. Exhibit A, Count XII.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be permitted unless there is undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility." *U.S. ex rel. Barrett v. Columbia/HCA Health Care Corp.*, 251 F. Supp. 2d 28, 36 (D.D.C. 2003); *see also Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1, 23 (D.D.C. 2000) ("It is, however, an abuse of discretion by the court to deny leave to amend unless there is a sufficiently compelling reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failures to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'"

2

*Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1, 23 (D.D.C. 2000) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Here, leave to amend should be granted as Plaintiff Winning Connections has learned of changed circumstances regarding Mr. Lee, and there is no compelling reason to deny Plaintiff's Motion. When Winning Connections filed its Complaint, Winning Connections understood that Mr. Ilro Lee, then Chief Information Officer, intended to pursue educational opportunities, but would remain as a consultant with Winning Connections. Exhibit A ¶ 35. Subsequently, Winning Connections learned that Mr. Lee misrepresented his true intentions when he terminated his employment to join the other Defendants in their new business. Declaration of Ilro Lee, attached to Defendant Gosselink's Opposition to Plaintiff's Motion for Expedited Preliminary Injunction, filed December 28, 2005. Now, it is clear that Mr. Lee was part of the conspiracy to steal Winning Connections' proprietary and confidential business information in breach of his duty of loyalty. Additionally, upon his resignation, Mr. Lee made no arrangements to repay a $30,000 loan that Winning Connections had provided on May 20, 2004. Thus, Winning Connections seeks permission from this Court to amend its Complaint and add Mr. Lee as a defendant and to add additional claims against him.

Plaintiff also seeks to add a civil spoliation claim against Defendant Chism arising out of his intentional destruction of over 500 documents, and his subsequent and highly unusual wiping of the files using a registry cleaning software, on a company computer before he returned it to the company. Count XII. Such a claim is clearly permissible under applicable law. *See Holmes v. Amerex Rent-A-Car*, 710 A.2d 846 (D.C. 1998) (determining question certified by D.C. Circuit).

Plaintiff cannot be accused of any undue delay, bad faith, dilatory motive, repeated failure to cure, or futility in that these claims squarely fall within established precedent and are being asserted

3

promptly in this case. Further, Defendants cannot claim any prejudice by this proposed amendment, in that less than 30 days have transpired since the original Complaint was filed, and no discovery has begun. Thus, Plaintiff's timely motion should be granted.

## CONCLUSION

Based on the foregoing, Plaintiff Winning Connections respectfully requests that this Court grant its Motion for Leave to Amend.

Dated: January 7, 2006

Respectfully submitted,

David J. Farber (415899)
Susan E. Baldwin (477241)
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
(Tel) 202-457-6000
(Fax) 202-457-6315
dfarber@pattonboggs.com
sbaldwin@pattonboggs.com

*Attorneys for Plaintiff*

4

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to Amend the Complaint, memorandum in Support thereof, and all related attachments, was served via Federal Express, postage prepaid, this 7th day of January, 2006 to the following.

Neil Barkus, Esq.
Scot Hinshaw, Esq.
Hunton & Williams
1900 K Street, N.W.
Washington, D.C. 20006-1109

Counsel for Defendant Chad Gosselink

James Craig, Esq.
Phelps & Dunbar
111 East Capitol Street
Suite 600
Jackson, MS 39201-2122

Counsel for Defendant Brad Chism