# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

WINNING CONNECTIONS, INC.,                )
                                          )
              Plaintiff,                   )
                                          )
       v.                                 )    Civil Action No. 1:05CV02397(GK)
                                          )
WILLIAM BRADFORD "BRAD" CHISM, et al.     )
                                          )
              Defendants.                  )
_____)

## PLAINTIFF'S PROPOSED RESOLUTION PLAN AND DISCOVERY SCHEDULE

As directed by the Order dated December 29, 2005, Plaintiff Winning Connections, Inc. ("Plaintiff" or "Winning Connections") submits the following proposed plan for seeking resolution in the above-titled matter and, in the alternative, submits the following proposed discovery schedule for issues relating to Plaintiff's Motion for Preliminary Injunction. Winning Connections represents that it has conferred in good faith with opposing counsel, and those discussions have narrowed the issues that the parties will bring before the Court.

Plaintiff also wishes to note for the Court that on January 9, 2006, it filed a Motion for Leave to Amend the Complaint proposing to add Mr. Ilro Lee as a defendant, and to add a spoliation claim against Mr. Chism. Mr. Lee is well aware of this action, and has already participated as a non-party through his submission of a Declaration in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. Thus, the addition of Mr. Lee as a Defendant, if permitted by the Court, should not complicate the possibility of an expedited resolution of this matter as proposed below.

With those preliminary comments, Winning Connections addresses the two issues framed by the Court's December 29, 2005 Order, as follows:

<u>Resolution of Preliminary Injunction Through Mediation</u>

In an effort to resolve this dispute, Winning Connections requests that this Court order an expedited one-day mediation to be conducted through a court-appointed mediator with specific expertise in cases involving misappropriation of confidential and proprietary information, and trade secrets. Winning Connections proposes the following mediators who have such expertise: William H. Briggs of Ross, Dixon & Bell, Nancy F. Lesser of PAX Dispute Resolutions, LLC, and Michael K. Lewis of ADR Associates. Winning Connections is prepared to undertake that mediation within the next twenty days. Winning Connections is interested in a speedy and prompt mediation that will allow the parties to air their differences, and hopefully resolve them, without the investment of significant discovery expense. While Plaintiff understands Defendants to prefer mediation after more full-blown discovery, it is Plaintiff's view that the increased cost of getting to such a forum, combined with the time delay, fundamentally alters the risk-reward calculus that would otherwise motivate the parties to reach a speedy settlement resolution of the matter.

In addition to a mediation within the next 20 days, and in order for both sides to be appropriately prepared to enter into good faith negotiations, Winning Connections will need to know precisely what confidential business information and trade secrets (including the categories already explained in detail in its moving papers) Defendants have misappropriated. As the Court is aware, Defendants have destroyed computer files and otherwise misrepresented facts to Winning Connections in the course of their departure, which in turn have damaged their credibility to Winning Connections. Thus, to allow any mediation to succeed, and in order that Winning Connections be able to articulate with specificity in such a proceeding the necessary relief that it will need, Winning Connections requests it this Court order the Defendants Mr. William Bradford "Brad" Chism and Mr. Chad Gosselink and Corporate Defendant John Doe 1, the corporate entity

through which Defendants are undertaking business d/b/a GLC Communications or Brad Chism Consulting or Zata-3 ("Defendants"), to respond to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Document Requests, <u>and to produce all responsive documents</u>, by January 20, 2006. In turn, Winning Connections is prepared, within five business days of Defendants' responses and production, Winning Connections will provide to Defendants a list of confidential business information and trade secrets that are at issue in the case.

Both Defendant Chism and Defendant Gosselink were served Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Document Requests on December 21, 2005 and therefore, by January 20, 2006, will have had sufficient time to gather information and documents necessary to respond to Plaintiff's discovery requests. Moreover, presumably there are a limited number of responsive documents and presumably such information and documents are readily available, requiring minimal time and effort on the part of Defendants to comply by that date. A proposed Order is attached.

<u>Proposed Discovery Schedule for Issues Relating to Preliminary Injunction:</u>

In the event that the Court does not order expedited Mediation, Winning Connections requests that the Court order the following discovery schedule for purposes of resolving Plaintiff's preliminary injunction motion. As noted above, on December 21, 2005, Winning Connections already served discovery requests upon Defendants. Thus, Winning Connections proposes that Defendants be ordered to respond to those requests and to produce responsive documents by January 21, 2006. Further, the Court should order the depositions of Defendants Chism and Gosselink for the week of January 23, 2006. Following this limited discovery, Winning Connections proposes that a hearing on the Motion for Preliminary Injunction be set as soon as the Court's

schedule permits, but hopefully no later than within 60 days of the filing of the Motion, or February 16, 2006.

As the Court is aware, preliminary injunctive relief is appropriate and necessary where a plaintiff has alleged a violation of the Lanham Act based on false or misleading advertising. *See Schick Mfg., Inc. v. Gillette Co.*, 372 F. Supp. 2d 273, 282-87 (D. Conn. 2005) (granting motion for preliminary injunction where plaintiff demonstrated irreparable harm and a likelihood of success on the merits of Lanham Act claim alleging false advertising); *McNeil-PPC, Inc. v. Pfizer Inc.*, 351 F. Supp. 2d 226, 250-57 (S.D.N.Y. 2005) (same). Similarly, it is widely recognized that preliminary injunctive relief is appropriate in cases involving misappropriation of trade secrets and confidential business information. *Morgan Stanley DW Inc. v. Rothe*, 150 F. Supp. 2d 67, 80-81 (D.D.C. 2001) (granting employer's motion for a temporary restraining order); *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 315 (4th Cir. 2000) (upholding the district court's imposition of an injunction in a suit involving alleged misappropriation of trade secrets). Of course, the preliminary injunction standard does not require a full blown hearing on the merits of a movant's case, but rather only requires demonstration of the "likelihood" of success on the merits, balanced against irreparable injury and the other related factors. *Morgan Stanley*, 150 F. Supp. 2d at 72 (quoting *Davenport v. Int'l Bd. of Teamsters*, 166 F.3d 356, 361 (D.C. Cir. 1999)).

Because at this stage of the case Winning Connections is not required to prove its entire case and demonstrate absolute success on the merits, full discovery, as Plaintiff anticipates Defendants will propose, need not occur. Given the facts at hand, Winning Connections contends it has met the requirements for preliminary injunctive relief, and requests a hearing on its motion, particularly given that Winning Connections is currently suffering irreparable harm through Defendants' unfair competition and other legal violations as set out in the detailed Verified Complaint and Plaintiff's

moving papers. Particularly in light of Defendants' egregious behavior in lying about plans to compete with Winning Connections, stealing Winning Connections' information, and destroying other Winning Connections' documents. Accordingly, Winning Connections proposes the above discovery schedule to ensure prompt resolution of its Motion for Preliminary Injunction and minimize harm suffered by the company. An alternative proposed Order is attached.

Winning Connections' thanks the Court for its quick attention to this matter, particularly in light of the Court's significant trial schedule. As noted above, for the Court's convenience, a proposed Order is attached.

Dated: January 10, 2006                          Respectfully submitted,

                                                 David J. Farber (415899)
                                                 Susan E. Baldwin (477241)
                                                 Patton Boggs LLP
                                                 2550 M Street, N.W.
                                                 Washington, D.C. 20037
                                                 (Tel) 202-457-6000
                                                 (Fax) 202-457-6315
                                                 DFARBER@PATTONBOGGS.COM
                                                 SBALDWIN@PATTONBOGGS.COM

                                                 *Attorneys for Plaintiff*

3914124v1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Leave to Amend the Complaint ,

memorandum in Support thereof, and all related attachments, was served via Federal Express,

postage prepaid, this 10th day of January, 2006 to the following.

Neil Barkus, Esq.
Scot Hinshaw, Esq.
Hunton & Williams
1900 K Street, N.W.
Washington, D.C.  20006-1109

Counsel for Defendant Chad Gosselink

James Craig, Esq.
Phelps & Dunbar
111 East Capitol Street
Suite 600
Jackson, MS 39201-2122

Counsel for Defendant Brad Chism

*Susan E. Baldwin*