UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINNING CONNECTIONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BRADFORD "BRAD" CHISM, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 05-2397(GK) |

## STIPULATION AND PROTECTIVE ORDER REGARDING
## CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

Plaintiff, Winning Connections, Inc. ("Winning Connections"), and Defendants Brad Chism, Chad Gosselink, Ilro Lee and Corporate John Doe #1 (the "Defendants"), Winning Connections and the Defendants collectively referred to herein as the "Parties," hereby stipulate, and request that the Court enter the following protective order regarding confidential and highly confidential information produced, exchanged or otherwise discovered by the parties during the above-captioned proceeding. The Parties hereby stipulate that:

1.      This Order shall govern the handling of all documents and information produced by any party to this litigation, whether produced pursuant to discovery request, subpoena, or agreement, as well as all deposition transcripts and exhibits, and any copies, excerpts, summaries, or portions of court papers that quote from any of the foregoing (collectively, "Information").

2.      The provisions of this Stipulation and Order shall apply to (a) all named parties; (b) any other person or entity receiving confidential information in this litigation; and (c) all counsel of record and their consultants, staff, experts and agents.

3.      In accordance with this order, all Confidential Information produced in this

litigation shall be used solely for the purpose of conducting this litigation.

4.  To protect personal, non-business or business information of a confidential nature, any party may designate such information as "Confidential" pursuant to the procedures set forth in this Order. A party may designate as "Confidential" only that information to which it believes it is entitled to a protective order under Fed. R. Civ. Proc. 26(c).

5.  Information shall be designated "Confidential" as follows:

   a.  <u>Documents</u>. Designation shall be made prior to production by stamping or writing the words "Confidential" and "subject to protective order in Case No. 05-2397(GK)" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents.

   b.  <u>Answers to requests for admissions or interrogatories</u>. Designation shall be made by stamping or writing the words "Confidential" and "subject to protective order in Case No. 05-2397(GK)" on or near the relevant portion of any such answer.

   c.  <u>Deposition transcripts</u>. Designation of Confidential Information shall be made by a statement on the record during the course of the deposition or by written notice within fourteen (14) days after delivery of the transcript. All deposition transcripts and the information contained therein shall be deemed Confidential until expiration of the 14-day period after delivery of the transcript. With the exception of court reporters, and subject to any other limitations provided by law, only those individuals to whom this Protective Order applies may attend any depositions taken in this litigation.

6.  All briefs, pleadings, or other filings with the Court that incorporate, disclose or refer to Confidential Information shall be appropriately labeled on the cover page and governed in accordance with the provisions of paragraphs 7(f) of this Stipulation and Order.

7.  Except as set forth above, or with prior written consent of the producing

JO.99317793.1

party, no Confidential Information produced in this litigation, or Information contained in or derived from such Confidential Information, may be disclosed to any person other than:

    a. Named parties to this litigation

    b. Counsel of record in this litigation;

    c. Persons regularly employed or associated with the counsel of record in this litigation, when the assistance of such persons is reasonably required in connection with this litigation;

    d. Expert witnesses, consultants, and investigators retained by any party in connection with this litigation, to the extent that such disclosure is reasonably necessary in connection with this litigation;

    e. Potential witnesses and deponents to whom counsel, in good faith, believe disclosure is reasonably required to assist them in the preparation or conduct of this litigation;

    f. The Court (including court reporters and court personnel), provided, however, that all pleadings or other court filings that incorporate, disclose or refer to Confidential Information shall be labeled "Confidential–Subject to Court Order," shall be filed under seal and shall remain under seal until the Court orders otherwise; or

    g. the Jury.

8. Should any party to this litigation inadvertently produce or disclose any confidential information not designated as Confidential, the producing party shall immediately notify the recipient(s) and supply otherwise identical replacement information bearing the appropriate designation. The recipient(s) shall promptly return the original information and shall make all reasonable efforts to ensure that such information is treated in accordance with the new designation.

9. If any party to this litigation believes that a producing party has mis-designated Information as Confidential, the receiving party shall first request in writing that

the "Confidential" designation be eliminated. If the issue cannot be resolved between counsel, the producing party may file a motion for a protective order from the Court under Rule 26(c) within ten (10) days of the receiving party's written confirmation that agreement cannot be reached. The confidential status of the Information shall be maintained pending the Court's ruling. If the producing party does not file a motion for a protective order within this time period, the receiving party shall remove the "Confidential" designation from the Information.

10. Prior to disclosing any Confidential Information to any person listed in paragraphs 7(d) or (e) above, the person to whom the disclosure is made shall execute a written acknowledgment, attached as Appendix A (potential witnesses or deponents) or Appendix B (experts, consultants and others associated with counsel of record). Such acknowledgments shall be retained by counsel of record of the appropriate party.

11. In accordance with this order, all Highly Confidential Information produced in this litigation shall be used solely for the purpose of conducting this litigation.

12. (a) To protect personal, non-business or business information of a highly confidential nature regarding the past, current or future business plans of the party involved, any party may designate such information as "Highly Confidential" pursuant to the procedures set forth in this Order. A party may designate as "Highly Confidential" only that information to which it believes it is entitled to such protection under Fed. R. Civ. Proc. 26(c).

(b) If a party plans to examine any opposing Party or third-party witness about a document that has previously been designated 'Highly Confidential," then the Party intending to do the examination shall remove said designation, and allow the opposing Party or witness to review the document subject to the provisions of this paragraph, no later than seven (7) days before the scheduled deposition or four weeks (or, if four weeks is impractical, than within a reasonable time as shall be agreed upon between counsel) prior to a preliminary injunction hearing or trial at which the witness shall be examined. To the

extent counsel for the entity or person to be examined needs to work with the entity or person witness and to show them any document that had been marked as "Highly Confidential," counsel may only show such document to the entity or person, and the entity or person may not: (a) retain the document, or any copy of the document or any part thereof; (b) copy the document, or any part thereof; or (c) maintain possession of the document, any part thereof, or the information contained therein. This paragraph shall not prohibit the entity or person from maintaining information that may be on a document if that information was first obtained from another source.

13. Information incorporated, summarized or referenced in prior trial court or appellate proceedings, or information comparable to such information, shall not be deemed Highly Confidential.

14. Information shall be designated "Highly Confidential" as follows:

   a. <u>Documents</u>. Designation shall be made prior to production by stamping or writing the words "Highly Confidential" and "subject to protective order in Case No. 05-2397(GK)" on each page of any such document or, where appropriate, on the first page of an identifiable group of documents.

   b. <u>Answers to requests for admissions or interrogatories</u>. Designation shall be made by stamping or writing the words "Highly Confidential" and "subject to protective order in Case No. 05-2397(GK)" on or near the relevant portion of any such answer.

   c. <u>Deposition transcripts</u>. Designation of Highly Confidential Information shall be made by a statement on the record during the course of the deposition or by written notice within fourteen (14) days after delivery of the transcript. All deposition transcripts and the information contained therein shall be deemed Highly Confidential until expiration of the 14-day period after delivery of the transcript. With the exception of court reporters,

and subject to any other limitations provided by law, only those individuals to whom this Protective Order applies may attend any depositions taken in this litigation.

15. All briefs, pleadings, or other filings with the Court that incorporate, disclose or refer to Highly Confidential Information shall be appropriately labeled on the cover page and governed in accordance with the provisions of paragraphs 16(e) of this Stipulation and Order.

16. Except as set forth above, or with prior written consent of the producing party, no Highly Confidential Information produced in this litigation, or Information contained in or derived from such Highly Confidential Information, may be disclosed to any person other than:

    a. Outside Counsel of record in this litigation;

    b. Persons regularly employed by outside Counsel of record in this litigation other than an employee, officer or director of a Party, when the assistance of such persons is reasonably required in connection with this litigation;

    c. Expert witnesses, consultants, and investigators retained by any party in connection with this litigation who are not employed by a party to the litigation, to the extent that such disclosure is reasonably necessary in connection with this litigation; or

    d. The Court (including court reporters and court personnel), provided, however, that all pleadings or other court filings that incorporate, disclose or refer to Highly Confidential Information shall be labeled "Highly Confidential–Subject to Court Order," shall be filed under seal and shall remain under seal until the Court orders otherwise.

JO.99317793.1

17. Should any party to this litigation inadvertently produce or disclose any highly confidential information not designated as Highly Confidential, the producing party shall immediately notify the recipient(s) and supply otherwise identical replacement information bearing the appropriate designation. The recipient(s) shall promptly return the original information and shall make all reasonable efforts to ensure that such information is treated in accordance with the new designation.

18. Any party objecting to the opposing party's designation of a document as Highly Confidential Information shall file a motion for a protective order from the Court under Rule 26(c), unless the designating party agrees in writing within ten (10) days to release the designation. The highly confidential status of the Information shall be maintained pending the Court's ruling.

19. Prior to disclosing any Highly Confidential Information to any person listed in paragraphs 16(c) above, the person to whom the disclosure is made shall execute a written acknowledgment, attached as Appendix B (experts, consultants and others associated with counsel of record, or, if necessary, a Party or witness for purposes of Paragraph 12(b)). Such acknowledgments shall be retained by counsel of record of the appropriate party.

20. Any person receiving Confidential or Highly Confidential Information under this Stipulation and Order who is served with a subpoena for any such Information shall give counsel for the parties to this Stipulation and Order at least fourteen (14) days' notice (or reasonable notice if the time for compliance with the subpoena is less than seven (7) days) before producing any such material.

21. This Stipulation and Order allows any receiving party to review all non-privileged documents responsive to that parties document requests and interrogatories, subject to the limitations above, without the need for the producing party to first seek a protective order. After this review, the parties will attempt to reach agreement on the confidentiality of specific documents, thereby limiting the confidentiality issues to be decided by the Court. This Stipulation and Order does not shift the producing party's burden of

seeking and establishing its need for a protective order for specific documents or categories of documents under Rule 26(c) if the parties cannot reach agreement. This Stipulation and Order does not alter or change the Parties respective legal requirements to prove each of the elements of their claims or defenses and may not be used as an admission that any particular Confidential or Highly Confidential Information is so for purposes related to the proof in this litigation.

22. At the conclusion of this litigation, whether by final judgment, dismissal, or otherwise, or the exhaustion of any appeals, counsel for every receiving party shall either return to every producing party or destroy all Confidential or Highly Confidential Information received pursuant to this Stipulation and Order, as well as all copies of such Information or copies of documents containing material derived or extracted from such Information, provided, however, that counsel for every receiving party may maintain copies of any pleadings, including exhibits, that contain Confidential or Highly Confidential Information, so long as such pleadings and exhibits continue to be treated as Confidential or Highly Confidential in accordance with the terms of this Stipulation and Order.

23. Any receiving party's knowing disclosure or use of the Information protected from unauthorized disclosure under this Stipulation and Order may constitute contempt of court. In this situation, the producing party shall be entitled to the specific performance of this Stipulation and Order and injunctive or other equitable relief as a remedy for any such violation by a receiving party, and to make any claims for damages that result therefrom.

24. Each person or entity to whom Confidential or Highly Confidential Information is disclosed in accordance with provisions of this Stipulation and Order hereby submits himself, herself, or itself to the jurisdiction of this Court for the enforcement of this Stipulation and Order.

25. The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, severance, judgment, or other disposition of this litigation, and the Court shall continue to retain jurisdiction to enforce the terms of this Stipulation and Order.

JO.99317793.1

26. Nothing in this Stipulation and Order shall prejudice each producing party's right to disclose or otherwise make use of any Confidential or Highly Confidential Information without prior court order, or to otherwise waive the provisions of this Stipulation and Order with respect to such Information. A producing party shall immediately notify every receiving party if it discloses or makes use of any such Confidential or Highly Confidential Information in any manner inconsistent with its confidentiality, e.g., by disclosure of Confidential or Highly Confidential Information to third parties without a signed acknowledgment. At that time, the producing party shall also indicate whether it intends to remove the designation of Confidential or Highly Confidential.

27. Nothing in this Stipulation and Order shall prevent any party, after providing notice to all other parties, from applying to the Court for modification of this Stipulation and Order.

SO STIPULATED:

Dated: January 24, 2006

*Susan E Baldwin*
David J. Farber (415899)
Susan E. Baldwin (477241)
Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
(Tel) 202-457-6000
(Fax) 202-457-6315
dfarber@pattonboggs.com
sbaldwin@pattonboggs.com

*Attorneys for Plaintiff*

/s/ *signature*
A. Neal Barkus (Bar No. 362893)
Thomas M. Hughes (Bar No. 460134)
Scot A. Hinshaw (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
(Tel) 202-955-1500
(Fax) 202-778-2201

Frank W. Trapp (Bar No. 316729)
James Craig (*pro hac vice*)
Phelps Dunbar LLP
111 E. Capitol Street
Suite 600
Jackson, MS 39201
(Tel) 601-360-9711
(Fax) 601-360-9777

*Attorneys for Defendants*

Pursuant to the foregoing Stipulation

IT IS HEREBY SO ORDERED.

DATED this _____ day of ____, 2006.

_____
THE HONORABLE GLADYS KESSLER,
UNITED STATES DISTRICT COURT

# APPENDIX A

# WITNESS CONFIDENTIALITY AGREEMENT

*Winning Connections, Inc. v. Chism, Et al.,* **Case No. 05-2397(GK), D.D.C.**

I understand that as a potential witness or deponent in *Winning Connections, Inc. v. Chism, et al.,* Case No. 05-2397 (GK) (D.D.C.), I have received or may receive information, whether written, electronic or in any other form, marked or otherwise identified as "Confidential."

I understand that such Information constitutes the confidential information of the producing party, that it is subject to the restrictions set forth in a Protective Order issued by the Court in the above cause, and that I am bound by this Protective Order. I further certify that I have read and reviewed the Protective Order and understand its contents and limitations.

I understand that under the terms of the Protective Order, among other things, I cannot disclose such "Confidential" information or discuss it with any person other than the parties to this litigation, counsel of record to this litigation, or persons designated in writing by her counsel for purposes of this litigation, such as investigators or consultants, as limited by the Protective Order.

I agree to be bound by the Protective Order and to submit myself to the jurisdiction of the court for enforcement of the Order unless released from the same by the producing party or further order of the Court.

Dated: _____

                                Signed: _____

                                Print Name:_____

## APPENDIX B

## WITNESS CONFIDENTIALITY AGREEMENT
## HIGHLY CONFIDENTIAL MATERIALS

*Winning Connections, Inc. v. Chism, Et al.,* **Case No. 05-2397(GK) (D.D.C.)**

I understand that as a potential witness or deponent in *Winning Connections, Inc. v. Chism, et al.,* Case No. 05-2397 (GK) (D.D.C.), I have received or may receive information, whether written, electronic or in any other form, marked or otherwise identified as "Highly Confidential."

I understand that such Information constitutes the confidential information of the producing party, that it is subject to the restrictions set forth in a Protective Order issued by the Court in the above cause, and that I am bound by this Protective Order. I further certify that I have read and reviewed the Protective Order and understand its contents and limitations.

I understand that under the terms of the Protective Order, among other things, I cannot disclose such "Highly Confidential" information or discuss it with any person other than counsel of record to this litigation, or persons designated in writing by her counsel for purposes of this litigation, such as investigators or consultants, as limited by the Protective Order.

I agree to be bound by the Protective Order and to submit myself to the jurisdiction of the court for enforcement of the Order unless released from the same by the producing party or further order of the Court.

Dated: _____

                         Signed: _____

                         Print Name: _____