## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Winning Connections, Inc.                    )
                                             )
          Plaintiff,           )
                                             )
      v.                          )
                                             )    Case No.: 1:05-cv-02397 (GK)
William Bradford Chism, *et al.*             )
                                             )
         Defendants.          )
                                             )
                                             )

### DEFENDANT WILLIAM BRADFORD CHISM'S
### ANSWER TO VERIFIED SECOND AMENDED COMPLAINT

Now comes Defendant William Bradford Chism ("Chism") and for his Answer to the allegations contained in Plaintiff Winning Connections, Inc.'s Verified Second Amended Complaint ("Second Amended Complaint"), Chism denies all factual allegations not specifically admitted and, further answering, states as follows:

Chism admits that in the first unnumbered paragraph of the Second Amended Complaint the Plaintiff alleges that this action arises under common law, the District of Columbia's Uniform Trade Secrets Act and the Lanham Act, but denies that he violated any such laws. Chism further denies he is doing business as GLC Communications or Brad Chism Consulting, but admits that he is doing business as Zata-3.

### Parties

1.    Chism admits the allegations set forth in Paragraph 1 of the Second Amended Complaint.

2.    Chism denies that he resides in Madison, MS. Chism further denies that he was an employee of the Plaintiff, but admits that he did work on behalf of the Plaintiff

prior to November 2005.  Chism admits the remaining allegations set forth in Paragraph 2 of the Second Amended Complaint.

3.   Chism denies that Defendant Chad Gosselink ("Gosselink") resides at 423 First Street, S.E., Washington, D.C. 20003.  Chism admits the remaining allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.   Chism admits that he intends to compete with the Plaintiff through his new business entity, but denies that it is doing business as Brad Chism Consulting.  Chism admits that he is doing business as Zata-3.  Chism lacks sufficient knowledge or information upon which to admit or deny the last sentence of Paragraph 4 of the Second Amended Complaint.  Chism admits the remaining allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.   Chism admits that Defendant Ilro Lee ("Lee") resides in the District of Columbia, but denies that he is a citizen.  Chism lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in the first sentence of Paragraph 5 of the Second Amended Complaint, and therefore denies them.  Chism admits the allegations set forth in the second sentence of Paragraph 5 of the Second Amended Complaint.  Chism admits that, prior to December 2005, Lee worked for the Plaintiff, but lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in the last sentence of Paragraph 5 of the Second Amended Complaint, and therefore denies them.

## Jurisdiction and Venue

6.   Chism denies the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.    Chism denies the allegations set forth in Paragraph 7 of the Second Amended Complaint.

## Allegations Common to All Counts

8.    Chism denies that the Plaintiff was the "pre-eminent" firm in its business. Chism admits the remaining allegations set forth in Paragraph 8 of the Second Amended Complaint.

9.    Chism denies that the Plaintiff's techniques were either unique or confidential and proprietary.  Chism admits that the Plaintiff has been able to expand its business but denies the remaining allegations set forth in Paragraph 9 of the Second Amended Complaint.

10.    Chism lacks sufficient knowledge or information upon which to know what is meant by "sterling reputation" in the third sentence of Paragraph 10 of the Second Amended Complaint and therefore denies that sentence.  Chism admits the remaining allegations set forth in Paragraph 10 of the Second Amended Complaint.

11.    Chism admits the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12.    Chism lacks sufficient knowledge or information upon which to know what is meant by "critical" in the second and third sentences of Paragraph 12 of the Second Amended Complaint and therefore denies those sentences.  Chism admits the remaining allegations set forth in Paragraph 12 of the Second Amended Complaint.

13.    Chism denies that he was an employee of the Plaintiff, but admits that he did work on behalf of the Plaintiff.  Chism denies that he stayed at the Jameson family home when he traveled to Washington, D.C. after 2003.  Chism admits the remaining allegations set forth in Paragraph 13 of the Second Amended Complaint.

14.    Chism denies that he was an employee of the Plaintiff, but admits that he did work on behalf of the Plaintiff, was given the title of Vice President and was provided with information about the Plaintiff's business including financial, cost, profitability and marketing information and strategies.  Chism denies that all of the Plaintiff's information was confidential and proprietary.  The allegation set forth in the last sentence of Paragraph 14 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.

15.    Chism denies that all the information in the Plaintiff's database of potential customers was proprietary and that it contained any information about the actual amount of business done by any client.  Chism admits the remaining allegations set forth in Paragraph 15 of the Second Amended Complaint.

16.    Chism admits the first sentence of Paragraph 16 of the Second Amended Complaint.  Chism admits that he received a guaranteed minimum payment through the end of November, but denies there was an agreement that he provide services after the election on November 8, 2005.  Chism denies the remaining allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.    Chism admits the allegations set forth in Paragraph 17 of the Second Amended Complaint.

18.    Upon information and belief, Chism denies the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19.    Chism lacks sufficient knowledge or information upon which to admit or deny that Jameson and Gosselink knew each other through family connections, and therefore denies it.  Chism lacks sufficient knowledge or information upon which to

admit or deny what Gosselink knew or was privy to, and therefore denies the last sentence of Paragraph 19 of the Second Amended Complaint.

20.     Chism denies that all the information in the Plaintiff's database was proprietary and that it contained any information about the actual amount of business done by any client.  Chism admits the remaining allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.     Chism lacks sufficient knowledge or information upon which to admit or deny what Gosselink was responsible for supervising while employed by the Plaintiff, and therefore denies it.  Chism denies that all of the Plaintiff's information was confidential or that he needed to safeguard it and keep it confidential.  Chism admits the remaining allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.     Chism denies the allegations set forth in the third sentence of Paragraph 22 of the Second Amended Complaint.  Chism admits the remaining allegations set forth in Paragraph 22 of the Second Amended Complaint.

23.     Chism denies the allegations set forth in the first sentence of Paragraph 23 of the Second Amended Complaint.  Chism admits that Exhibit 1 to the Second Amended Complaint is an email from him to Lee.  Chism denies the Plaintiff's interpretation and characterization of Exhibit 1 and the remaining allegations set forth in Paragraph 23 of the Second Amended Complaint.

24.     Chism denies the allegations set forth in the first sentence of Paragraph 24 of the Second Amended Complaint, and denies that he was traveling to client meetings on behalf of the Plaintiff throughout November 2005.  Chism admits the remaining allegations set forth in the second, third and fourth sentences of Paragraph

24 of the Second Amended Complaint.  Chism lacks sufficient knowledge or information

upon which to admit or deny whether the Plaintiff began an investigation of any sort and

therefore denies it.  Chism further denies the allegations set forth in the last sentence of

Paragraph 24 of the Second Amended Complaint.

25.    Chism denies the allegations set forth in Paragraph 25 of the Second

Amended Complaint.

26.    Chism denies the allegations set forth in Paragraph 26 of the Second

Amended Complaint.

27.    Chism admits that Lee sent him an email on November 2, 2005.  Chism

denies the Plaintiff's interpretation and characterization of the email and its allegations

set forth in the first sentence of Paragraph 27 of the Second Amended Complaint.

Chism admits that Exhibit 2 to the Second Amended Complaint is an email he

apparently sent to a personal email account, but denies that it contains a file called

"06_targets.xls."  Chism lacks sufficient knowledge or information upon which to admit

or deny the contents of the files attached to the email at Exhibit 2, and therefore denies

the remaining allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.    Chism denies the allegations set forth in the first sentence of Paragraph

28 of the Second Amended Complaint.  Chism admits that Exhibit 3 to the Second

Amended Complaint is an email from Lee to the individual defendants.  Chism denies

the Plaintiff's interpretation and characterization of Exhibit 3 and the remaining

allegations set forth in Paragraph 28 of the Second Amended Complaint.

29.    Chism denies the allegations set forth in the first sentence of Paragraph

29 of the Second Amended Complaint.  Chism admits that Exhibit 4 to the Second

Amended Complaint is an email from him to Gosselink and Lee.  Chism denies the

Plaintiff's interpretation and characterization of Exhibit 4 and the remaining allegations

set forth in Paragraph 29 of the Second Amended Complaint.

30.    Chism denies the allegations set forth in the first sentence of Paragraph

30 of the Second Amended Complaint.  Chism lacks sufficient knowledge or information

upon which to admit or deny the allegations set forth in the second sentence of

Paragraph 30 of the Second Amended Complaint.  Chism admits that Exhibit 5 to the

Second Amended Complaint is an email from Lee to him.  Chism denies the Plaintiff's

interpretation and characterization of Exhibit 5 and the remaining allegations set forth in

Paragraph 30 of the Second Amended Complaint.

31.    Chism denies the allegations set forth in Paragraph 31 of the Second

Amended Complaint.

32.    Chism admits that he discussed with Jameson the general substance of

the remaining allegations set forth in Paragraph 32 of the Second Amended Complaint,

but lacks sufficient knowledge or information upon which to admit or deny the timing of

each statement, and therefore denies it.  Chism admits the allegations set forth in the

second to last sentence of Paragraph 32 of the Second Amended Complaint.  Chism

denies the allegations set forth in the first and last sentences of Paragraph 32 of the

Second Amended Complaint.

33.    Chism denies the allegations set forth in Paragraph 33 of the Second

Amended Complaint.

34.    Chism admits that Exhibit 6 to the Second Amended Complaint is an email

from Gosselink to Jameson.  Chism denies the Plaintiff's interpretation and

characterization of Exhibit 6 and the allegations set forth in the second and third sentences of Paragraph 34 of the Second Amended Complaint.  Chism lacks sufficient knowledge or information upon which to admit or deny the details of the circumstances of Gosselink's departure from the Plaintiff, and therefore denies the remaining allegations set forth in Paragraph 34 of the Second Amended Complaint.

35.     Chism denies the allegations set forth in the first sentence of Paragraph 35 of the Second Amended Complaint.  Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in the last two sentences of Paragraph 35 of the Second Amended Complaint, and therefore denies them.  Chism admits that Exhibits 7 and 8 to the Second Amended Complaint are email correspondence between Lee and Chism.  Chism denies the Plaintiff's interpretation and characterization of Exhibits 7 and 8 and the remaining allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.     Chism denies the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.     Chism denies the allegations set forth in the first two sentences of Paragraph 37 of the Second Amended Complaint.  Chism lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 37, and therefore denies them.

38.     Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in the first sentence of Paragraph 38 of the Second Amended Complaint, and therefore denies them.  Chism denies the remaining allegations set forth in Paragraph 38 of the Second Amended Complaint.

39.    Chism lacks sufficient knowledge upon which to admit or deny the allegations set forth in the third sentence of Paragraph 39 of the Second Amended Complaint.  Chism denies the remaining allegations set forth in Paragraph 39 of the Second Amended Complaint.

40.    Chism denies the allegations set forth in the first and last two sentences of Paragraph 40 of the Second Amended Complaint.  Chism admits that Exhibit 9 to the Second Amended Complaint is an email from him to various prospective clients for his new business and an attached description.  Chism denies the Plaintiff's interpretation and characterization of the Exhibit 9 and that it contains any false or misleading information, therefore Chism denies the remaining allegations set forth in Paragraph 40 of the Second Amended Complaint.

41.    Chism denies the allegations set forth in the last three sentences of Paragraph 41 of the Second Amended Complaint.  Chism admits that Exhibit 9 to the Second Amended Complaint is an email from him to various prospective clients for his new business and an attached description.  Chism denies the Plaintiff's interpretation and characterization of Exhibit 9 and that it contains any false or misleading information, therefore Chism denies the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42.    Chism denies the allegations set forth in Paragraph 42 of the Second Amended Complaint.

43.    Chism denies the allegations set forth in Paragraph 43 of the Second Amended Complaint.

44.     Chism denies the allegations set forth in Paragraph 44 of the Second Amended Complaint.

45.     Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 45 of the Second Amended Complaint, and therefore denies them.

46.     Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 46 of the Second Amended Complaint, and therefore denies them.

47.     Chism denies the allegations set forth in Paragraph 47 of the Second Amended Complaint.

48.     Chism denies the allegations set forth in Paragraph 48 of the Second Amended Complaint.

**COUNTS**

**I.      Violation of Lanham Act (All Defendants)**

49.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 48 of the Second Amended Complaint, as if fully restated herein.

50.     Chism denies the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51.     Chism denies the allegations set forth in Paragraph 51 of the Second Amended Complaint.

52.     Chism denies the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.     Chism denies that the Plaintiff is entitled to any of the relief described in Paragraph 53 of the Second Amended Complaint or that the Plaintiff is entitled to any relief whatsoever.

**II.      Misappropriation of Confidential Business Information (All Defendants)**

54.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 53 of the Second Amended Complaint, as if fully restated herein.

55.     Chism denies the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56.     Chism denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.     Chism denies the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.     Chism denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.     Chism denies the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60.     Chism denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61.     The allegation set forth in the first sentence of Paragraph 61 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.  Chism denies the remaining allegations set forth in Paragraph 61 of the Second Amended Complaint.

### III.    Violations of D.C. Trade Secret Act (All Defendants)

62.    Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 61 of the Second Amended Complaint, as if fully restated herein.

63.    Chism denies the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64.    Chism denies the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65.    Chism denies the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66.    Chism denies the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67.    The allegation set forth in the first sentence of Paragraph 67 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.  Chism denies the remaining allegations set forth in Paragraph 67 of the Second Amended Complaint.

68.    Chism denies the allegations set forth in Paragraph 68 of the Second Amended Complaint.

### IV.    Breach of Fiduciary Duty (Defendants Chism and Gosselink)

69.    Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 68 of the Second Amended Complaint, as if fully restated herein.

70.    Chism denies the allegations set forth in the first two sentences of Paragraph 70 of the Second Amended Complaint, except that Chism admits that he preserved the confidentiality of any information deserving that protection.  Chism lacks sufficient knowledge or information upon which to admit or deny the Plaintiff's belief or

understanding, and therefore denies the remaining allegations set forth in Paragraph 70 of the Second Amended Complaint.

71.    Chism lacks sufficient knowledge or information upon which to admit or deny the Plaintiff's belief or understanding, and therefore denies the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72.    The allegations set forth in Paragraph 72 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Chism denies them.

73.    Chism denies the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74.    Chism denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.    Chism denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

### V.    Intentional Interference with Existing Contractual Relations (All Defendants)

76.    Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 75 of the Second Amended Complaint, as if fully restated herein.

77.    Chism denies the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.    Chism denies the allegations set forth in the first and last two sentences of Paragraph 78 of the Second Amended Complaint.  The remaining allegations set forth in Paragraph 78 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, Chism denies them.

79.     Chism denies the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80.     Chism denies the allegations set forth in Paragraph 80 of the Second Amended Complaint.

### VI.    Intentional Interference with Prospective Contractual Relations (All Defendants)

81.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 80 of the Second Amended Complaint, as if fully restated herein.

82.     Chism denies the allegations set forth in Paragraph 82 of the Second Amended Complaint.

83.     Chism lacks sufficient knowledge or information upon which to admit or deny the Plaintiff's expectations, and therefore denies the allegation set forth in the second to last sentence in Paragraph 83 of the Second Amended Complaint.  The allegation set forth in the last sentence in Paragraph 83 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.  Chism denies the remaining allegations set forth in Paragraph 83 of the Second Amended Complaint.

84.     The allegation set forth in Paragraph 84 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.

85.     Chism denies the allegations set forth in Paragraph 85 of the Second Amended Complaint.

86.     Chism denies the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87.     Chism denies the allegations set forth in Paragraph 87 of the Second Amended Complaint.

## VII.     Unfair Competition (Both Defendants)

88.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 87 of the Second Amended Complaint, as if fully restated herein.

89.     Chism denies the allegations set forth in Paragraph 89 of the Second Amended Complaint.

90.     Chism denies the allegations set forth in Paragraph 90 of the Second Amended Complaint.

## VIII.     Conversion (Defendant Chism)

91.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 90 of the Second  Amended Complaint, as if fully restated herein.

92.     Chism denies the allegations set forth in Paragraph 92 of the Second Amended Complaint.

93.     Chism admits that the Plaintiff requested the return of its property and documents.  Chism denies the remaining allegations set forth in Paragraph 93 of the Second Amended Complaint.

94.     Chism denies the allegations set forth in Paragraph 94 of the Second Amended Complaint.

95.     Chism denies the allegations set forth in Paragraph 95 of the Second Amended Complaint.

## XI.     Conversion (Defendant Lee)

96.     Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 95 of the Second  Amended Complaint, as if fully restated herein.

97.    Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 97 of the Second Amended Complaint, and therefore denies them.

98.    Chism lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 98 of the Second Amended Complaint, and therefore denies them.

99.    The allegation set forth in Paragraph 99 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent a response is required, Chism denies it.

### XII.    Spoliation (Defendant Chism)

100.    Chism incorporates by reference its responses to the foregoing Paragraphs 1 through 99 of the Second Amended Complaint, as if fully restated herein.

101.    Chism denies the allegations set forth in Paragraph 101 of the Second Amended Complaint.

102.    The allegation set forth in the first sentence of Paragraph 102 of the Second Amended Complaint is a legal conclusion to which no response is required.  To the extent that a response is required, Chism denies it.  Chism denies that he was an employee of the Plaintiff, but admits that he did work on behalf of the Plaintiff and was given the title of Vice President.  The remaining allegations set forth in the second sentence of Paragraph 102 of the Second Amended Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Chism denies it.  Chism denies the remaining allegations set forth in Paragraph 102 of the Second Amended Complaint.

103.    Chism admits that he deleted some number of files from the laptop computer he used while working for Winning Connections.  Chism denies the remaining allegations set forth in Paragraph 1030 of the Second Amended Complaint.

104.    Chism denies the allegations set forth in Paragraph 104 of the Second Amended Complaint.

105.    Chism denies the allegations set forth in Paragraph 105 of the Second Amended Complaint.

106.    Upon information and belief, Chism denies the allegations set forth in Paragraph 106 of the Second Amended Complaint.

## Prayer for Relief

Chism denies that the Plaintiff is entitled to any of the relief described in Paragraphs 1 through 16 of the Prayer for Relief of the Second Amended Complaint or that the Plaintiff is entitled to any relief whatsoever.  To the extent that the Prayer for Relief contains factual allegations, they are denied.

## Demand for a Jury Trial

Chism denies that the Plaintiff is entitled to a jury in this Court on some or all of its claims for relief.

## Affirmative and Other Defenses

Chism sets forth the following affirmative and additional defenses but expressly does not assume the burden of proof with respect to any such defense(s) except as otherwise required by applicable law or rule with respect to the particular defense(s) asserted.  Chism further reserves the right to assert other affirmative and additional defenses or otherwise to supplement his Answer upon discovery of facts or evidence rendering such action appropriate.

<u>First Defense</u>

The Second Amended Complaint should be dismissed because some or all of the claims therein fail to state a claim upon which relief can be granted.

<u>Second Defense</u>

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

<u>Third Defense</u>

The Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff was not injured in the manner or to the extent alleged.

<u>Fourth Defense</u>

The Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

<u>Fifth Defense</u>

The Plaintiff's claims are barred, in whole or in part, for failure of consideration.

<u>Sixth Defense</u>

The Plaintiff's claims are barred, in whole or in part, by its own acts, omissions, or misconduct.

<u>Seventh Defense</u>

The Plaintiff's claims are barred and/or preempted, in whole or in part, by D.C. Code § 36-401, *et seq.*

<u>Eighth Defense</u>

The Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### Ninth Defense

Expressly denying any wrongdoing on his part, and expressly denying that the Plaintiff has been damaged as alleged, Chism states that the Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in its claims.

### Tenth Defense

Expressly denying any wrongdoing on its part, and expressly denying that the Plaintiff has been damaged as alleged, Chism states that the punitive damages sought by the Plaintiff in the Second Amended Complaint are barred because Chism did not act in a malicious, wanton, or reckless manner, or in willful disregard for another's rights.

### Additional Defenses

Chism reserves the right to assert additional defenses as the Plaintiff's claims are more fully disclosed during the course of this litigation.

WHEREFORE, having fully answered, Chism respectfully requests that the Complaint be dismissed with prejudice, and that Chism be awarded his costs expended in defending this action, including reasonable attorneys' fees.

Respectfully Submitted,

WILLIAM BRADFORD CHISM

/s/ Scot A. Hinshaw
By Counsel

A. Neal Barkus (Bar No. 362893)
Thomas M. Hughes (Bar No. 460134)
Scot A. Hinshaw (Bar No. 449723)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, DC 20006
202-955-1500
202-778-2201 (facsimile)

*Counsel for Defendants*

Frank W. Trapp (Bar No. 316729)
James W. Craig (PRO HAC VICE)
Phelps Dunbar LLP
111 E. Capitol Street
Suite 600
Jackson, MS 39201
601-360-9711
601-360-9777 (facsimile)

*Co-counsel for Defendant Chism*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February 2006, the foregoing Defendant William Bradford Chism's Answer to Verified Second Amended Complaint was served by the Court's electronic filing system upon all counsel of record.


/s/ Scot A. Hinshaw